Alex L. Fugazzi, Esq.
Nevada Bar No. 9022
V.R. Bohman, Esq.
Nevada Bar No. 13075
Christian P. Ogata, Esq.
Nevada Bar No. 15612
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: afugazzi@swlaw.com
       vbohman@swlaw.com
       cogata@swlaw.com

*Attorneys for Defendant Nevada Property 1 LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SPECTACULAR PROPERTIES LLC, a Wyoming LLC; and FARIDEH AFRAND, <br><br> Plaintiffs <br><br> vs. <br><br> NEVADA PROPERTY 1, LLC, a Delaware LLC; THE EIGHTH JUDICIAL DISTRICT COURT; CLARK COUNTY OFFICE of RECORDER, A division of Clark County; and Does 1 to 20, <br><br> Defendants | Case No. 2:22-cv-00517-JCM-BNW <br><br> **[Proposed] Stipulated Discovery Plan and Scheduling Order** <br><br> **Special Scheduling Review Requested** |

On June 14, 2022, plaintiffs Spectacular Properties and Farideh Afrand's counsel, Christopher Keller, Esq., and defendant Nevada Property 1, LLC's ("NP1") counsel, Christian Ogata, Esq., attended an audio-visual conference under Federal Rule 26(f).[1] The parties, through their undersigned counsel, propose the following Stipulated Discovery Plan and Scheduling Order in accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 26-1:

**I.      Reasons for requesting special scheduling review:**

Plaintiffs sue NP1 and the Eighth Judicial District Court to declare two orders entered by

---

[1] Counsel for the Clark County Office of Recorder also attended the conference, but that party has since been dismissed from this matter. *See* ECF No. 39.

the Eighth Judicial District Court void and unenforceable. They also bring claims for extrinsic fraud and for violation of 42 U.S.C. § 1983. They allege that the Eighth Judicial District Court erred when it found that non-party Richard Afrand was the owner of four properties and applied them in satisfaction of a debt that Richard owes NP1.

NP1 moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) because it contends that they all hinge on an issue that was decided by the state court and are barred by issue preclusion. Given the dispositive nature of that motion, the parties seek a standard 180-day discovery plan that begins 14 days after the district court's resolution of NP1's motion to dismiss. The parties agree that staying discovery pending the resolution of the motion to dismiss is the most cost-effective and efficient way to proceed in this case. Following resolution of the dismissal motion, the parties propose submitting an updated discovery plan and scheduling order for this Court's review to complete discovery in this matter.

This Court may enter the parties proposed scheduling order because no discovery is necessary to resolve the dismissal motion and good cause exists to begin discovery following resolution of the motion. The parties' proposal effectuates the purpose of both Local Rule 1-1, which requires attorneys "to work toward prompt completion of each case and to minimize litigation expense,"[2] as well as Federal Rule 1's mandate to "construe[]" the federal rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."[3]

### A. No discovery is necessary to resolve the motion to dismiss.

Rule 12(b)(6) tests the adequacy of the allegations in a complaint.[4] By nature, discovery is unnecessary to resolve Rule 12(b)(6) motions.[5] As judges in this district have explained, "the court

---

[2] LR 1-1(b).

[3] Fed. R. Civ. P. 1; *see Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

[4] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (holding that a plaintiff may not "unlock the doors of discovery . . . armed with nothing more than conclusions").

4886-5772-0870

- 2 -

asks only whether the pleadings are sufficient to establish a claim, not whether the [p]laintiff could find evidence to support the pleadings."[6] Thus, NP1's motion may be resolved without discovery.

### B. Good cause exists to begin discovery following resolution of the dismissal motion.

As this Court has held, good cause to stay discovery pending resolution of a motion to dismiss may "exist based on other factors unrelated to the merits of the dispositive motion."[7] Those factors may include the "undue burden or expense" of discovery,[8] or any other factor that shows that it may be "more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case."[9] Local Rule 1-1(b) instructs parties to consider a host of means to reduce costs of litigation, including "limiting and phasing discovery." The Parties propose staying, and therefore limiting, discovery in this matter pending resolution to reduce the costs of litigation.

If the district court grants NP1's motion, it will dispose of this matter. If required to engage in costly discovery while that motion is pending, the parties will in effect have restarted the discovery process on an issue that, the district court may ultimately find, was already decided by another court. The parties also recognize the heightened costs of discovery in this matter. At least one plaintiff lives out of the country, and other witnesses identified by the plaintiffs live out of Nevada, which will likely increase the costs of depositions in this matter. Given the claims at issue in this matter, the ongoing state court appeal of the decisions at issue in this action,[10] as well as the basis underlying NP1's motion to dismiss, good cause exists to enter the parties' proposed discovery plan, and stay discovery pending resolution of the dismissal motion.

---

[6] *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013) (quoting *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007)).

[7] *Schrader v. Wynn Las Vegas, LLC*, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324 at *4 (D. Nev. Oct. 14, 2021).

[8] *Page v. Shumaker Mallory, LLP*, No. 2:21-cv-02002-KJD-BNW, 2022 WL 1308286, at *3 (D. Nev. Apr. 29, 2022).

[9] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

[10] *See Afrand v. Nev. Prop. 1, LLC*, No. 84103-COA (Nev. Ct. App.).

1  **II.   Changes in timing, form or requirement for FRCP 26(a) disclosures:**

Notwithstanding any stay of discovery in this matter, the parties will exchange their initial disclosures under Federal Rule 26(a) on or before June 28, 2022.

**III.   Discovery plan**

    **A.   Discoverable Matters:**

Discovery may be conducted on all discoverable matters relevant to issues raised by the complaint, answer, defenses, any counterclaims, and any subsequent pleadings, consistent with the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada.

    **B.   Deadlines:**

The parties request a standard 180-day discovery plan that begins 14 days following resolution of NP1's motion to dismiss. The parties agree to submit an updated plan for this Court's review should the district court deny the motion to dismiss.

| Task | Deadline |
|---|---|
| Discovery cut-off date | 180 days from the date of submission of the updated discovery plan |
| Amending the pleadings and adding parties | 90 days before the close of discovery |
| Expert disclosures | 60 days before the discovery cut-off cate |
| Rebuttal expert disclosures | 30 days after disclosure of expert disclosures |
| Dispositive motions | 30 days after the discovery cut-off date |
| Pretrial order | 30 days after the dispositive-motion deadline |

**IV.   Other items**

    **A.   Alternative Dispute Resolution:**

Under LR 26-1(b)(7), the parties certify that they discussed the possibility of using alternative dispute resolution. The parties discussed the possibility and will not pursue alternative dispute resolution at this time.

**B.     Alternative Forms of Case Disposition:**

Under LR 26-1(b)(8), the parties certify that they considered and do not consent to trial by a magistrate judge or use of the Short Trial Program at this time.

**C.     Electronic Evidence:**

Under LR 26-1(b)(9), the parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations and did not reach any stipulations regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system. The parties intend to revisit the presentation of evidence in electronic format to the jury for the purposes of jury deliberations in advance of filing of the joint pretrial order, and the parties anticipate setting forth any stipulations reached as a result of those discussions in the joint pretrial order or other submission submitted at the same time as the joint pretrial order.

**D.     Later Appearing Parties:**

A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or, if an additional defendant should appear, within five days of their first appearance.  This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown orders otherwise.

**E.     Issues about disclosure, discovery, or preservation of ESI:**

None.

**F.     Additional orders**

At this time, the parties do not seek a confidentiality and protective order but may seek one following resolution of the motion to dismiss.

Dated: June 24, 2022

SNELL & WILMER L.L.P.

By: */s/ Christian P. Ogata*
Alex L. Fugazzi, Esq.
V.R. Bohman, Esq.
Christian P. Ogata, Esq.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169

*Attorneys for Defendant Nevada Property 1 LLC*

Dated: June 24, 2022

HAWKINS MELENDREZ, P.C.

By: */s/ Christopher M. Keller*
Christopher M. Keller, Esq.
9555 Hillwood Drive, Suite 150
Las Vegas, Nevada  89134

*Attorney for Plaintiffs*

**ORDER**

IT IS ORDERED that ECF No. 40 is GRANTED.

IT IS FURTHER ORDERED that an updated Discovery Plan and Scheduling Order is due 14 days after ECF Nos. 18 and 26 are decided.

**IT IS SO ORDERED**
**DATED:** 5:56 pm, June 29, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I electronically transmitted the foregoing **Proposed Joint Discovery Plan and Scheduling Order** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED this 24th day of June, 2022

                                      */s/ D'Andrea Dunn*
                                      An employee of SNELL & WILMER L.L.P.