UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SPECTACULAR PROPERTIES LLC, et al., | Case No. 2:22-CV-517 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| NEVADA PROPERTY 1 LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Spectacular Properties, LLC, and Farideh Afrand ("plaintiffs")'s motion for a preliminary injunction. (ECF No. 54). Defendant Nevada Property 1 ("defendant" or "NP1") responded in opposition. (ECF No. 56). Plaintiff replied. (ECF No. 57).

I.  **INTRODUCTION**

The instant action commenced on March 24, 2022, but is ultimately a result of a failed condominium sale from 2011. Richard Afrand ("Afrand") entered into a contract to purchase a condominium from NP1 but was unable to close on the deal. Afrand and NP1 arbitrated the dispute, which resulted in a judgment against Afrand for $312,649.19 inclusive of attorneys' fees and costs. While NP1 was able to recover the deposit Afrand originally made, it has not been able to collect the additional amount it is owed.

As part of multiple attempts to collect, NP1 filed a motion in a state court proceeding to collect real property—namely, it sought 1613 Cave Spring Drive, Henderson, NV 89104; 2700 S. Las Vegas Blvd., Unit 2606, Las Vegas, NV 89195; and 45 Maleena Mesa Street, Unit 1927,

**James C. Mahan**
**U.S. District Judge**

Henderson, NV 89074 (the "subject properties"). Despite Afrand's attempts to hide the properties under relative's names and certain shell entities, Judge Nancy Allf of the District Court in Clark County, Nevada, made findings that, *inter alia*, each of the three subject properties belonged to Afrand, any transfers thereof other than a foreclosure sale were fraudulent and rescinded, and that NP1 was entitled to collect real property to satisfy the judgment. *Nev. Prop. 1 LLC v. Afrand*, No. A-12-670755-C (Nev. Dist. Ct. Jan. 3, 2022); (ECF No. 56-2).

Plaintiffs' operative complaint seeks declaratory relief that they own the subject properties and that Judge Allf's order is void. The complaint also alleges violations of 42 U.S.C. § 1983 and extrinsic fraud. During the pendency of this action, defendant has sought and obtained writs of execution to collect on the subject properties pursuant to Judge Allf's order. Plaintiffs now seek a preliminary injunction preventing the sheriff's sale set to occur at the end of this month.

## II.   LEGAL STANDARD

This court must consider the following elements in determining whether to issue a preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994); Fed. R. Civ. P. 65.

The party seeking the injunction must satisfy each element; however, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also

**James C. Mahan**
**U.S. District Judge**

shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotations marks omitted).

Finally, to obtain injunctive relief, plaintiff must show it is "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)).

### III.     DISCUSSION

The court considers each of the factors in turn.

*a. Likelihood of success on the merits*

Plaintiffs' first cause of action for declaratory relief is likely decided by issue preclusion. Issue preclusion requires that (1) the issue in the prior action must be identical to the issue in instant action; (2) the initial ruling must have been final and on the merits; (3) the party against whom the judgment is asserted must have been in privity with a party to the prior action; and (4) the issue was actually and necessarily litigated. *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

Plaintiffs' cause of action relies on disputed ownership of the subject properties, which was decided on the merits after full litigation on the issue. (ECF Nos. 8, 56-2). Plaintiffs were likely in privity with Afrand at the time of judgment. Afrand acted as trustee for plaintiffs and has familial ties with Farideh Afrand. (ECF No. 8). Thus, plaintiffs are not likely to succeed on their first cause of action.

**James C. Mahan**
**U.S. District Judge**

Plaintiffs' second cause of action seeks declaration that the state court orders are void because plaintiffs were not on notice of the proceedings nor given the opportunity to litigate ownership of the properties. (ECF No. 8). Whether plaintiffs had *no* notice or opportunity to litigate their claims in front of the state court is unclear. Plaintiffs allege there was no formal notice but make no allegations as to constructive notice. (*Id.*). Thus, it is unclear whether plaintiffs are likely to succeed on the merits for this cause of action.

Plaintiffs' third cause of action alleges defendants unconstitutionally deprived plaintiffs of their property rights in violation of 42 U.S.C. § 1983. (ECF No. 8). Liability for a § 1983 violation requires unlawful deprivation of rights committed "under the color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). NP1 simply utilized the judicial system to resolve a dispute between itself and Afrand. *See Nev. Prop. 1*, No. A-12-670755-C. It did so as an entity exercising its rights rather than "under the color of state law." *See Sullivan*, 526 U.S. at 50. Thus, plaintiffs are not likely to succeed against NP1 on their § 1983 claim.

Plaintiffs' fourth cause of action alleges NP1 perpetuated extrinsic fraud to deprive plaintiffs of their property rights. (ECF No. 8). They allege NP1 presented "vague and incomplete documentation" regarding Afrand's actions. (*Id.*). Assuming *arguendo* this is true, it does not rise to the level of extrinsic fraud. *See Villalon v. Bowen*, 273 P.2d 409, 415 (Nev. 1954) (noting perjury is insufficient for a finding of extrinsic fraud). Thus, plaintiffs are unlikely to succeed on this cause of action.

Because plaintiffs are not likely to succeed on the merits, this factor favors denial of preliminary relief.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

    b. *Irreparable injury*

Plaintiffs argue that without an injunction, they will lose real property, which is often considered irreparable injury. (ECF No. 54) (collecting cases). However, plaintiffs use the subject properties as investment properties; denying preliminary relief here will result only in economic harm, which can be resolved by an award of damages. (ECF No. 54); *see East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021).

In their reply for the first time, plaintiffs submit—supported only by a self-serving affidavit—that a nonparty widow living in Iran, Fahimeh Afrand, will lose all income without the subject properties. (ECF No. 57). However, "the 'no adequate remedy at law/irreparable injury' prerequisite is not satisfied by the harm that may befall a nonparty." *Am. Dairy Queen Corp. v. Brown-Port Co.*, 621 F.2d 255, 259 n.4 (7th Cir. 1980).

Thus, this factor favors denial of preliminary relief because plaintiffs do not face irreparable injury.

    c. *Balance of hardships*

Plaintiffs posit that they will lose control of their property without an injunction. (ECF No. 54). Defendant submits its hardship is being unable to recover what it is owed. (ECF No. 56). For this factor to weigh in plaintiffs' favor, they must show their hardship is greater than that of defendant's. *See Winter*, 555 U.S. at 20.

As this court has held, loss of an investment property risks a purely financial loss. *See Presidio Mgmt. LLC Series 2 v. Nationstar Mortg. LLC*, 2022 WL 14874870, at *3 (D. Nev. Oct. 26, 2022). Like the defendant in *Presidio Management*, defendant here risks the inability to recover what it is owed. *See id.*; (ECF No. 56). Because both hardships are similar, plaintiffs' does not outweigh defendants. *See Presidio Mgmt.*, 2022 WL 14874870, at *3.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Thus, the balance of hardships favors denial of preliminary relief.  *See id.*

d.  *Public interest*

Plaintiffs submit that it is in the public's interest court's do not uphold violations of due process rights.  (ECF No. 54).  The court agrees.  However, consistent with the discussion *supra*, plaintiffs' arguments that their due process rights have been violated are unpersuasive.  (*See id.*).

The court also recognizes the importance of comity in the judicial system.  The public has an interest in final judgments being upheld.

Thus, the public interest favors denial of preliminary relief.

IV.  **CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for a preliminary injunction (ECF No. 54) is DENIED.

DATED January 25, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**