UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPECTACULAR PROPERTIES LLC, et al., | Case No. 2:22-CV-517 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| NEVADA PROPERTY 1 LLC, et al., | |
| Defendant(s). | |

Presently before the court is Nevada Property 1 LLC ("NP1")'s motion to dismiss. (ECF No. 18). Plaintiffs Spectacular Properties LLC and Farideh Afrand ("plaintiffs") responded and filed a countermotion for leave to file a third amended complaint and to join parties. (ECF Nos. 23, 24). NP1 responded to the countermotion. (ECF No. 28). Plaintiffs replied. (ECF No. 30).

Also before the court is plaintiffs' motion to expunge lis pendens. (ECF No. 22). NP1 responded. (ECF No. 27). Plaintiffs replied. (ECF No. 29). Both parties filed proposed orders. (ECF Nos. 46, 49).

Also before the court is former defendant Clark County Office of the Recorder's motion to dismiss, which is now moot.[1] (ECF No. 26).

I. **INTRODUCTION**

The instant action commenced on March 24, 2022, but is ultimately a result of a failed condominium sale from 2011. Richard Afrand ("Afrand") entered into a contract to purchase a condominium from NP1 but was unable to close on the deal. Afrand and NP1 arbitrated the dispute, which resulted in a judgment against Afrand for $312,649.19 inclusive of attorneys' fees and costs. While NP1 was able to recover the deposit Afrand originally made, it has not been able to collect the additional amount it is owed.

---

[1] Defendant Clark County Office of the Recorder was dismissed on June 22, 2022, pursuant to a stipulation among the parties.

**James C. Mahan**
**U.S. District Judge**

As part of multiple attempts to collect, NP1 filed a motion in a state court proceeding to collect real property—namely, it sought 1613 Cave Spring Drive, Henderson, NV 89104 (the "Cave Spring property"); 2700 S. Las Vegas Blvd., Unit 2606, Las Vegas, NV 89195 (the "Sky Point property"); and 45 Maleena Mesa Street, Unit 1927, Henderson, NV 89074 (the "Traverse Point property") (collectively, the "subject properties").

Afrand attempted to hide the properties under relatives' names and certain shell limited liability companies ("LLCs"), including now-defunct Spectacular Properties, LLC, and Advantage Microsystems, LLC (collectively, the "Nevada LLCs").  Plaintiff Farideh Afrand is Afrand's sister and the sole member of the Nevada LLCs.

Judge Nancy Allf of the Eighth Judicial District Court in Clark County, Nevada, made findings that, *inter alia*, each of the three subject properties belonged to Afrand, any transfers thereof other than a foreclosure sale were fraudulent and rescinded, and that NP1 was entitled to collect real property—namely, the subject properties—to satisfy the judgment.  *Nev. Prop. 1 LLC v. Afrand*, No. A-12-670755-C (Nev. Dist. Ct. Jan. 3, 2022); (ECF No. 56-2).

Plaintiffs' operative complaint seeks declaratory relief that they own the subject properties and that Judge Allf's order is void.  The complaint also alleges violations of 42 U.S.C. § 1983 and extrinsic fraud.

## II.     LEGAL STANDARD

  a. *Motion to dismiss*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

**James C. Mahan**
**U.S. District Judge**

- 2 -

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Starr court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

   b. *Leave to file amended complaint*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme

Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis,* the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

    c.  *Leave to join parties*

"On a motion…the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 20 provides for permissive joinder of plaintiffs when (1) the rights asserted "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(1)(A)–(B). The purpose of Rule 20 is to expedite final decisions and duplicative litigation. *See, e.g.*, *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

### III. DISCUSSION

    a.  *Plaintiffs' claims for declaratory relief are precluded*

Issue preclusion requires that (1) the issue in the prior action must be identical to the issue in instant action; (2) the initial ruling must have been final and on the merits; (3) the party against whom the judgment is asserted must have been in privity with a party to the prior action; and (4) the issue was actually and necessarily litigated. *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008). Plaintiffs' claims for declaratory relief both rely on the disputed ownership of the subject properties and NP1's right to collect, which has been decided by a state court of competent jurisdiction. (ECF No. 8-2).

    i.  <u>The issues are identical</u>

Plaintiffs' first claim for declaratory relief is identical to the issue in state court. (ECF Nos. 8, 8-2). Plaintiffs seek declaratory relief that the subject properties "[a]re [n]ot [s]ubject to [e]xecution for the [d]ebts/[j]udgment of [d]efendant NP1 against Richard Afrand." (ECF No. 8). They argue that the issue before the state court was Afrand's interest in the subject properties whilst the issue here is plaintiffs' interest in the property. (ECF No. 23). But NP1 moved for an order "applying three properties *held by Afrand* under the guise of two companies" and presented evidence "demonstrating that the [s]ubject [p]roperties *are Afrand's property and in his possession*." (ECF No. 8-2 (emphasis added)). In its January 3, 2022, order, the state court

**James C. Mahan**
**U.S. District Judge**

- 4 -

found the properties belonged to Afrand; it matters not that plaintiffs' interest was not discussed. The state court ordered that the subject properties "are APPLIED toward the judgment, and judgment creditor NP1 is AUTHORIZED to execute against and foreclose on the [s]ubject [p]roperties." (ECF No. 8-2).

Plaintiffs' second claim for declaratory relief seeks to void state court orders. (ECF No. 8). In their complaint, plaintiffs allege the state court employed improper procedure ordering a third party's property to be applied to the debts of another. (*Id.*). This is not what occurred, however. The state court found that the subject properties belonged to Afrand, not that a third party's property was to be applied to Afrand's debts. (ECF No. 8-2). The issue underlying this claim is whether Afrand owned the subject properties and is thus identical to the issue before the state court. (*See* ECF No. 8).

      ii.      The decision was final and on the merits

The state court's findings were final and on the merits. Once NP1 presented evidence that Afrand was the owner of the subject properties, the burden shifted to Afrand to otherwise account for the properties. *See* 33 C.J.S. § 589. The state court considered Afrand's sworn statements and other circumstantial evidence. (ECF No. 8-2). Specifically, regarding the Cave Spring property, the state court considered Afrand's sworn declaration from a prior proceeding and a previous property transfer. (*See id.*). Afrand, despite having the opportunity to, did not argue otherwise. (*Id.*). The state court also considered evidence of Afrand collecting rent from tenants, interchangeably using his name and an LLC name, and timing of LLC creation in determining ownership of the Stay Point and Traverse Point properties. (*Id.*).

Plaintiffs allege Afrand had documents that proved he was not the true owner of properties and was never given the opportunity to produce them citing the denial of the request for *in camera* review of the documents. (*Id.*). However, the state court found this request was frivolous and that Afrand had ample opportunity to present these documents and his judgment debtor exam and in response to NP1's motion. (*Id.*).

Given the abundance of evidence reviewed, Afrand's opportunity to present contrary evidence, and the order on NP1's motion to collect, it is clear the state court's finding that Afrand owned the subject properties was final and on the merits.

. . .

. . .

### iii. Plaintiffs and Afrand are in privity

Nevada has established several ways to determine whether parties are in privity. *See, e.g.*, *Mendenhall v. Tassinari*, 403 P.3d 364, 369 (Nev. 2017); *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 917 (Nev. 2014). In *Alcantara v. Wal-Mart Stores, Inc.*, the Nevada Supreme Court applied the Restatement (Second) of Judgments, which provides:

> A person who is represented by party is bound by and entitled to the benefits of a judgment as though he were a party. A person is represented by a party who is…the trustee of an estate or interest of which the person is a beneficiary; or…[a] fiduciary manager of an interest of which the person is a beneficiary…A person represented by a party to an action is bound by the judgment even though the person himself does not have notice of the action, is not served with process, or is not subject to the service of process."

*Alcantara*, 321 P.3d at 917 (citing Restatement (Second) of Judgments § 41 (1982)). The analysis is not mechanical; privity includes relationships where "there is substantial identity between the parties, that is, when there is sufficient commonality of interest." *Mendenhall*, 403 P.3d at 369 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency* 322 F.3d 1064, 1081–82 (9th Cir. 2003).

Afrand held the subject properties *in trust* on behalf of Farideh Afrand—the sole member of the Nevada LLCs—and as manager of the Nevada LLCs. (ECF No. 8 at ¶¶ 25, 28–29). Moreover, Farideh Afrand was the sole member of LLCs who do—or at one point did—hold title to subject properties. (*Id.* at ¶ 1). Though Farideh Afrand was allegedly never brought into the underlying litigation or provided notice of NP1's motions during the state proceedings, that is not necessary to establish privity. Restatement (Second) of Judgments § 41; (*see* ECF No. 8).

Because plaintiffs here were adequately represented by and had sufficient commonality of interest with Afrand during the state court proceedings, they are in privity with Afrand.

### iv. Ownership of the subject properties was actually litigated

The burden was on Afrand to produce evidence sufficient to show he did not own the properties. Despite ample opportunity, he did not do that. The issue was litigated via briefings, judgment debtor examinations, testimony, and more. Plaintiffs argue that the state court's denial of his request to review certain documents *in camera* prevented the issue from being actually litigated. However, Afrand could have produced these documents at any moment rather than

James C. Mahan
U.S. District Judge

- 6 -

submitting a "frivolous request" for *in camera* review. (*See* ECF No. 8-2). Moreover, after denial of his request, Afrand allegedly disposed of these documents.

Plaintiffs' reliance on the four factors in *Resolution Trust Corp. v. Keating* is misplaced. (*See* ECF No. 23 (citing *Resol. Tr. Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir. 1999))). These four factors were adopted to determine if the issues in the prior action and the instant action were identical rather than "actually litigated." *Keating*, 186 F.3d at 1116.

Thus, plaintiffs' claims for declaratory relief are dismissed.

b. *Plaintiffs' 42 U.S.C. § 1983 claim fails as a matter of law*

To establish a claim for relief under § 1983, plaintiffs must allege deprivation of a constitutional or legal right, and that such deprivation was "committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). The latter requirement generally excludes private conduct. *Id.* at 50.

"When addressing whether a private party acted under color of law, we [] start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 195 F.2d 826, 835 (9th Cir. 1999) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). The court then undergoes an ad hoc analysis to determine if there is a sufficient nexus between the state and challenged conduct to fairly say "the party charged with the deprivation…[is] a governmental actor." *Id.* (citing *Sullivan*, 526 U.S. at 50); *see Jackson v. Metro. Edison Co.*, 419 U.S. 345, 347–58 (1974). If a private party acted as a governmental actor under the color of state law, it may be held liable for violating 42 U.S.C. § 1983. *E.g.*, *Sullivan*, 526 U.S. at 50; *Sutton*, 195 F.2d at 935.

In the complaint, plaintiffs allege Farideh Afrand was deprived of her constitutional right to own and control property when the state court ordered property transfers were voided. (ECF No. 8). The state court's order was in response to NP1's motion to collect. (*See* ECF No. 8-2). Plaintiffs allege "Nevada's debt collection statutes fail to protect the Due Process rights of Plaintiffs." (ECF No. 23). Nothing in plaintiffs' motion or complaint indicates NP1 was acting under the color of state law; NP1's only involvement in plaintiffs' alleged deprivation of rights was through litigation.

NP1 simply utilized the Nevada court system to assist in collecting on a decade-old judgment against Afrand. Even assuming, *arguendo*, the Nevada statutes are unconstitutional, NP1 cannot be held responsible for any harm to plaintiffs resulting therefrom. Holding that a

James C. Mahan
U.S. District Judge

- 7 -

private actor can be held liable under § 1983 for lawfully exercising its rights in a court of competent jurisdiction—as plaintiffs suggest—would be entirely contradictory to the integrity of the judicial system.

Thus, plaintiffs' 42 U.S.C. § 1983 claim is dismissed.

  c. *Plaintiffs concede their extrinsic fraud claim is insufficiently pled*

Allegations of fraud are subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . ."). Rule 9(b) operates "to give defendants notice of the particular misconduct which is alleged," requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* (citations omitted).

"Extrinsic fraud is conduct which prevents a party from presenting his claim in court." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978).

"Plaintiffs recognize that the specific allegations of extrinsic fraud are not set forth in the Second Amended Complaint." (ECF No. 23). The court agrees. Plaintiffs' complaint contains no allegations that plaintiffs were prevented from presenting their claims in state court because of misrepresentations made by NP1.

Thus, plaintiffs' extrinsic fraud claim is dismissed.

  d. *Motion for leave to file third amended complaint*

Plaintiffs seek leave to file a third amended complaint to cure the deficiency in their extrinsic fraud claim. Nevertheless, the court also considers granting leave to amend for any claim to be dismissed. *See DeSoto*, 957 F.2d at 658; *Lopez*, 203 F.3d at 1127.

As an initial matter, the court notes that plaintiffs have already filed three different versions of the complaint and have been given ample opportunity to cure deficiencies throughout. (*See* ECF Nos. 1, 2, 8). Moreover, a significant amount of relevant litigation has already occurred in prior proceedings. Afrand, in privity with plaintiffs, has been abusing the judicial system to evade the judgment against him for years; indeed, he was sanctioned once already for failing to respond to court orders and presenting frivolous arguments. (ECF No. 56-7).

**James C. Mahan**
**U.S. District Judge**

- 8 -

Any amendment to plaintiffs' claims for declaratory relief would be futile. As discussed *supra*, plaintiff seeks declaratory relief on the issue of the ownership of the subject properties. A state court of competent jurisdiction has already decided this issue, and it is thus precluded. No amendment could overcome issue preclusion.

Similarly, any amendment to plaintiffs' § 1983 claim would be futile. NP1 did not act as a state actor when it lawfully utilized the judicial system. Indeed, plaintiffs do not allege at all that NP1 acted as a state actor or under the color of state law. Rather, plaintiffs specifically name only the state court and Clark County Recorder in their § 1983 claim. (ECF No. 8 ¶ 58).

Plaintiffs include their proposed third amended complaint with the reply to the response to their original motion. (ECF Nos. 30, 30-6). The allegations are still insufficient, however, to reach the heightened pleading standard of extrinsic fraud. *See* Fed. R. Civ. P. 9(b). Indeed, the proposed third amended complaint merely alleges that NP1 deliberately narrowed the scope of Afrand's judgment debtor examinations to preclude plaintiffs' involvement in the prior action. (ECF No. 30-6). Plaintiffs are in privity with Afrand, however, and he had ample opportunity to present additional evidence or argument. Instead, Afrand repeatedly refused to comply with court orders and cooperate during state proceedings. Any evidence or argument that plaintiffs seek to admit here could have been presented to the state court; the proposed amendment does not—nor could any amendment—save plaintiffs' claim of extrinsic fraud. (*See id.*).

Thus, plaintiffs are DENIED leave to file a third amended complaint.

e. *Motion to join parties*

Plaintiffs also move this court to join parties—specifically the Nevada LLCs—pursuant to federal rule of civil procedure 21. (ECF No. 24). In support of their motion, they contend "this case is complicated by the revocation of the Nevada LLCs nearly 10 years ago." (*Id.*). It is unclear to the court why this is a complication; plaintiffs go on to directly cite decade-old Nevada law that states revoked LLCs may still partake in litigation. (*Id.* (citing NRS 86.274(2), 86.281; *AA Primo Builders, LLC v. Washington*, 245 P.3d 1190, 1196–97 (Nev. 2010))). Plaintiffs also posit adding the Nevada LLCs at this stage would expedite this litigation, and they threaten a filing of a second litigation by the Nevada LLCs should plaintiffs' claims be dismissed without joining the Nevada LLCs. (*Id.*).

James C. Mahan
U.S. District Judge

- 9 -

The court is not convinced nor is it concerned with the threat of a second litigation. Plaintiffs seek to add the Nevada LLCs to dispute the ownership of the subject properties. (*Id.*). The court reiterates that this issue has been decided and is precluded.

Thus, plaintiffs' motion to join parties is DENIED.

f. *Motion to expunge lis pendens*

Plaintiffs' motion to expunge the lis pendens is moot. Consistent with this order, there is no longer pending litigation, and thus, the lis pendens filed by NP1 is cancelled.

### IV. CONCLUSION

Accordingly, consistent with the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Clark County Office of the Recorder's motion to dismiss (ECF No. 26) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs' motion to expunge lis pendens (ECF No. 22) is DENIED as moot.

IT IS FURTHER ORDERED that NP1's lis pendens, Instrument No. 202205090000077, is hereby CANCELLED.

IT IS FURTHER ORDERED that NP1's motion to dismiss (ECF No. 18) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' countermotion for leave to file a third amended complaint and join parties (ECF No. 24) is DENIED.

The clerk of the court is instructed to enter judgment in favor of NP1 and close this case.

DATED February 22, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**